UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DANA LOCKHART                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:17-CV-P16-JHM

UNITED STATES OF AMERICA DEPT.
OF JUSTICE                                                          DEFENDANTS

**MEMORANDUM OPINION**

This is a civil rights action brought by a convicted prisoner against the United States of America Department of Justice. The Court has granted Plaintiff Dana Lockhart leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff initiated this action on a Court-supplied 42 U.S.C. § 1983/*Bivens* form. She names as the Defendant the "United States of America Department of Justice" (DOJ). In her complaint, Plaintiff states as follows:

> I asked for help in seeking safety and security from being human trafficked . . . kidnapped - stalked state to state . . . raped - assaulted with a deadly weapon (gun) (extortion) - I asked for help in Texas - Oklahoma - Kentucky and Indiana - I've had to hid since 2014 from everyone - move state to state become an informant. I have police reports all over the U.S. I went online to email FBI - Washington - Texas - Oklahoma - Kentucky - also state police. Everyone completely ignored me as if I was crazy or making up stories. There has been serious crimes committed against me. I was put on backpage.com as a hooker. I was stalked at my jobs (career) in oil fields and wind energy so bad I lost them - my family, my whole life. Its gone.
>
> I'm in a Kentucky jail on a child support order that is out of Newton County, Indiana. And Kentucky even raised my child support. I have a history of paying

for my kids well!! While I was an informant - I sent the taunting messages of some laughing at me at how they got away with assaulting me with a weapon. I made up two Facebook profiles - and acted like they were my new boyfriend and my stalker messaged them 100 times. I saved a lot of the screen shots - a lot of the proof - I had an Oklahoma City cop lie to me about being a federal agent and had me thinking I was his informant and was taking him to homes of cartels and gang members and I wound up raped at gun point. I've done all I can legally. I've went to everyone I could before going this far. I didn't ask for money or anything. Just HELP!! I wouldn't be in this jail - I'd have my kids, my career, everything. It's all been taking from me while federal law enforcement ignored me and treated me as if my life did not matter. My stalker goes around filing false charges on the fake protection orders after I filed on him. All I'm looking for is Justice, freedom of fear . . . protection as I deserve. I'm not the one who should be sitting in jail.

As relief, Plaintiff seeks injunctive relief in the form of "release on parole" and "a full investigation to seek justice."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Although Plaintiff does not identify the legal bases for her claims against the DOJ, there are only two types of actions which are permitted against the federal government and/or its officials - actions brought under *Bivens v. Six Fed. Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act (FTCA). The Court will consider each of these in turn.

#### A. *BIVENS* CLAIM

*Bivens* established a private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law. However, the only Defendant Plaintiff names in this action is the DOJ. The United States has not waived its sovereign immunity for *Bivens* claims asserted against the United States government, its agencies, or its employees in their official capacities. *See Fed.*

*Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Okoro v. Scibana*, 63 F. App'x 182 (6th Cir. 2003) (stating that a federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons); *Mangold v. U.S. Dep't of State*, No. 4:15CV02300, 2016 U.S. Dist. LEXIS 57350, at *3 (N.D. Ohio Apr. 29, 2016) (*Bivens* "does not support an action against the United States government or any of its agencies.") (citation omitted). Thus, any claim Plaintiff seeks to bring under *Bivens* must be dismissed for failure to state a claim upon which relief may be granted.

### B. FEDERAL TORT CLAIMS ACT

The FTCA provides a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1975); *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975). However, the FTCA requires a plaintiff to exhaust his administrative remedies before filing suit, and no federal jurisdiction may attach absent compliance with the exhaustion requirement. 28 U.S.C. § 2675(a); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514-15 (6th Cir. 1974). Here, Plaintiff has not indicated that she filed an administrative claim under the FTCA, and a failure to do so "results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Thus, any FTCA claim Plaintiff seeks to bring is barred for lack of subject-matter jurisdiction.

### C. INJUNCTIVE RELIEF

Finally, as a remedy for the allegations set forth in her complaint, Plaintiff seeks two types of injunctive relief - 1) to be placed on parole and 2) "for a full investigation of her

claims." However, placement on parole is a type of relief that can only be sought through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In addition, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Indeed, only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). For these reasons, Plaintiff's claims for injunctive relief also fail to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: February 28, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
U.S. Attorney
4414.011

5